

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

MOHAMMED W. AKRAM,

        Defendant.
_____

**DECISION AND ORDER**

15-CR-113 EAW

Defendant Mohammed W. Akram ("Defendant") stands accused by way of an Indictment returned on June 4 2015, with three separate counts involving the alleged distribution of synthetic cannabinoids. Count 1 alleges distribution of "AB-FUBINACA" on or about December 9, 2014, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); Count 2 alleges distribution of "AB-PINACA" on or about March 17, 2015, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and Count 3 alleges maintaining the premises known as "Best in the West" at 670 Jay Street, in Rochester, New York, as a drug-involved premises between in or about November 2014 and April 14, 2015, for the purpose of distributing synthetic cannabinoids, in violation of 21 U.S.C. § 856(a)(1). (Dkt. 13).

This Court referred all pretrial matters in the case to United States Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). (Dkt. 14). On October 18, 2016, Magistrate Judge Scott issued a thorough Decision and Order and Report and Recommendation, addressing various pretrial motions filed by Defendant. (Dkt. 49). Judge Scott recommended that the Court deny Defendant's motion to suppress statements

allegedly made by Defendant to law enforcement at State Police barracks after his arrest on or about April 14, 2015; that the Court deny Defendant's motion to suppress tangible evidence seized from Defendant's vehicle after the traffic stop on April 14, 2015, and from his residence at 670 Jay Street, Apartment A1, on that same date upon execution of a search warrant obtained from Monroe County Court; and that the Court deny as moot Defendant's motion to suppress identification procedures since the Government has confirmed that identification procedures were not used during the investigation leading to this case. (Dkt. 49 at 13-19).

Pursuant to Fed. R. Crim. P. 59(b)(2) and 28 U.S.C. § 636(b)(1)(C), the parties had 14 days after being served a copy of the Report and Recommendation to file objections. No objections were filed.

The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."). *See also Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009) (to trigger the *de novo* review standard, objections to a report "must be specific and clearly aimed at particular findings in the magistrate judge's proposal.").

Nonetheless, the Court has conducted a careful review of the Report and Recommendation as well as the filings previously made in the case, and finds no reason to reject or modify the Report and Recommendation of Magistrate Judge Scott.

Therefore, the Court accepts and adopts the Report and Recommendation. (Dkt. 49). For the reasons set forth in the Report and Recommendation, Defendant's motions (Dkt. 24) to suppress statements and tangible evidence are denied. In addition, Defendant's motion to suppress identification procedures (Dkt. 24) is denied as moot, for the reasons set forth in the Report and Recommendation.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:   November 14, 2016
         Rochester, New York